**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

                     Debtors.

------------------------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                     Plaintiff,

v.

CIRRUS DESIGN CORPORATION and
QIANG GUO,

                     Defendant.

------------------------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)



Adv. Proceeding No. 24-05225

**<u>NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES</u>**

       PLEASE TAKE NOTICE, that the Order Approving Procedures Applicable to Avoidance

Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned chapter 11

case [ECF No. 2578] appended hereto as **<u>Exhibit A</u>**, is hereby made applicable to and governs this

adversary proceeding.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:  February 23, 2024                     LUC A. DESPINS
        New Haven, CT                     CHAPTER 11 TRUSTEE


By: /s/ Patrick R. Linsey

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**(Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------x
                                     :
In re:                               : Chapter 11
                                     :
HO WAN KWOK, *et al.*,               : Case No. 22-50073 (JAM)
                                     :
          Debtors.[1]                : Jointly Administered
                                     :
------------------------------------x RE: ECF No. 2532

## ORDER APPROVING PROCEDURES APPLICABLE
## TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code

(the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules

of Bankruptcy Procedure (the "Local Bankruptcy Rules"), establishing certain procedures

applicable to avoidance claim adversary proceedings related to the above-captioned chapter 11

case; and this Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United

States District Court for the District of Connecticut; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and after a hearing held on February 5, 2024, it is hereby

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Court hereby orders that the following procedures (the "<u>Avoidance Action Procedures</u>") shall govern the Avoidance Actions (as defined herein):

      a.      The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "<u>Avoidance Actions</u>").

      b.      Upon filing a complaint commencing any Avoidance Action (an "<u>Avoidance Complaint</u>"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "<u>Avoidance Action Procedures Notice</u>").  The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "<u>Avoidance Defendant</u>") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

      c.      Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**, which caption has been approved by the Court.

      d.      To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "<u>Protective Order</u>") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "<u>P.O. Addendum</u>"), the Trustee may file the Avoidance Complaint under seal (a "<u>Sealed Avoidance Complaint</u>"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "<u>Redacted Avoidance Complaint</u>").  Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004.  Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective

Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e.  An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days. Any such stipulation shall be made in writing and filed on the docket in the applicable adversary proceeding.

f.  In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12(b), the Trustee shall have sixty (60) days to respond to such motion.

g.  Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

h.  As soon as practicable following the Response Date, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval. If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order. If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.

i.  Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown. Such modification shall be requested by motion filed in the applicable Avoidance Action.

3.  The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.  To the extent that information in an Avoidance Complaint (or its exhibits) may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to any Avoidance Defendant and its counsel, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b). This Order also amends the Protective Order and the P.O. Addendum to permit the Trustee, to the extent

provided in the Avoidance Action Procedures, to disclose to any Avoidance Defendant information in an Avoidance Complaint (filed against such defendant) that is designated as highly confidential under the Protective Order or the P.O. Addendum.

5.      Pursuant to District of Connecticut Local Rule of Civil Procedure 5(e), District of Connecticut Local Rule of Bankruptcy Procedure 9077-1, Bankruptcy Rule 9018, and section 107(b) of the Bankruptcy Code, this constitutes an Order of the Court authorizing the sealed filing of the Avoidance Complaints to the extent permitted by the Avoidance Procedures as set forth in paragraph 2(d).

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7.      This Order shall be effective immediately upon entry.

Dated at Bridgeport, Connecticut this 7th day of February, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT 1

**(Form Notice of Applicability of Avoidance Action Procedures)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------

In re:                                               Chapter 11

HO WAN KWOK, *et al.*,[1]                Case No. 22-50073 (JAM)

                Debtors.     (Jointly Administered)

------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,
                             Adv. Proceeding No. [_____]
                Plaintiff,

v.

[NAME OF DEFENDANT]

                Defendant.

------------------------------------

**NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

PLEASE TAKE NOTICE, that the Order Approving Procedures Applicable to Avoidance

Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned chapter 11

case [ECF No. ___] appended hereto as **Exhibit A**, is hereby made applicable to and governs this

adversary proceeding.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:  _____ \_\_, 2024
         New Haven, Connecticut


                                    By:_____
                                       Patrick R. Linsey (ct29437)
                                       NEUBERT, PEPE & MONTEITH, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, Connecticut 06510
                                       (203) 781-2847
                                       plinsey@npmlaw.com

                                            *and*

                                       Nicholas A. Bassett *(*admitted *pro hac vice*)
                                       PAUL HASTINGS LLP
                                       2050 M Street NW
                                       Washington, D.C., 20036
                                       (202) 551-1902
                                       nicholasbassett@paulhastings.com

                                            *and*

                                       Avram E. Luft *(*admitted *pro hac vice*)
                                       Douglass Barron (admitted *pro hac vice*)
                                       PAUL HASTINGS LLP
                                       200 Park Avenue
                                       New York, New York 10166
                                       (212) 318-6079
                                       aviluft@paulhastings.com

                                       *Counsel for the Chapter 11 Trustee*

2

**EXHIBIT 2**

**(Caption Applicable to Omnibus Filings)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

             Debtors.

------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

             Plaintiff,

v.

AVOIDANCE DEFENDANTS

             Defendants.

------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Proc. Nos. 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, 24-XXXX, and 24-XXXX

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).