## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Proceeding No. 24-05225 |
| v. | RE: ECF No. 23 |
| CIRRUS DESIGN CORPORATION and QIANG GUO, | |
| Defendants. | |

:
-------------------------------------------------------

## ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE
## FOR ESTATE OF HO WAN KWOK FOR ENTRY OF DEFAULT JUDGMENT
## AGAINST DEFENDANT QIANG GUO

Upon the motion [Adv. ECF No. 23] (the "<u>Motion</u>") of Luc A. Despins, as chapter 11

trustee (the "<u>Trustee</u>") for the estate of Ho Wan Kwok (the "<u>Debtor</u>"), pursuant to Rule 55 of the

Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), made applicable to this adversary proceeding

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

under Rules 7001 and 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of default judgment against defendant Qiang Guo; and

The Court having considered the Motion and all exhibits and documents attached to the Motion, including, without limitation, the Trustee's Adversary Complaint [Adv. ECF No. 1] (the "Complaint"), and all exhibits and schedules thereto, and the Trustee's Memorandum of Law filed in support of the Motion (the "Memorandum of Law"), and the Declaration of Patrick R. Linsey filed in support of the Motion; and

The Court having held a hearing on the Motion on November 19, 2024 (the "Hearing"); and the Court having considered the reasons set forth on the record at the Hearing; and

The Court having found that: (a) the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (b) consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and sufficient notice of the Motion has been given under the particular circumstances and it appearing that no other or further notice need be given; (e) Qiang Guo was properly served with copies of the Complaint and Summons [Adv. ECF No. 3] under Bankruptcy Rules 7004 and 7005 and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (f) the default which entered against Qiang Guo under Civil Rule 55 made applicable in this adversary proceeding by Bankruptcy Rule 7055 has resulted in Qiang Guo admitting all of the well-pleaded allegations in the Complaint; (g) the well-pleaded allegations set forth in the Complaint meet the elements of the causes of action on which the Court enters judgment and the Motion and its supporting materials establish just cause for the relief granted herein and the Motion has satisfied all applicable legal and factual burdens; and (h) pursuant to Civil Rule 54(b), made applicable in this adversary proceeding by Bankruptcy Rule

7054, for the reasons set forth on the record at the Hearing, there is no just reason for delaying entry of a final order against Qiang Guo on the Fifth Claim, as set forth below; and

After due deliberation, considering the foregoing, and for the reasons that the Court stated on the record at the Hearing, it is hereby ORDERED THAT:

1.      The Motion for entry of a default judgment against Qiang Guo is granted as set forth herein.

2.      Judgment in the amount of $3,915,140.00 is hereby GRANTED in favor of the Trustee and against Qiang Guo on the Fifth Claim of the Complaint, to the extent of the Transfers, as such Transfers are defined in the Complaint.

3.      With respect to Fifth Claim of the Complaint, pursuant to sections 548(a)(1)(A) of the Bankruptcy Code, section 276 of the New York Debtor and Creditor Law (under the New York Uniform Fraudulent Conveyance Act ("NY-UFCA")) and section 273 of the New York Debtor and Creditor Law (under the New York Uniform Voidable Transactions Act (the "NY-UVTA")), and section 550(a) of the Bankruptcy Code:

a.      the Transfers, in an aggregate amount of not less than $3,915,140.00, were made by the Debtor through his alter egos, Lamp Capital LLC ("Lamp Capital"), HCHK Technologies, Inc. ("HCHK Technologies"), and Leading Shine NY Ltd. ("Leading Shine"), with the actual intent to hinder delay, and defraud his creditors;

b.      the Transfers made through Lamp Capital and HCHK Technologies were made within two years of the Petition Date and are avoided pursuant to section 548(a)(i)(A) of the Bankruptcy Code and section 273(a)(1) of New York Debtor and Creditor Law (under the NY-UVTA);

c.      the Transfers made through Leading Shine were made within six years of the Petition Date are avoided pursuant to section 276 of New York Debtor and Creditor Law (under the NY-UFCA);

d.      the Transfers are hereby set aside;

e.      Qiang Guo is the entity for whose benefit the Transfers were made;

f.      pursuant to Section 550(a)(1) of the Bankruptcy Code, the Trustee may recover the value of the Transfers, $3,915,140.00, from defendant Qiang Guo for the benefit of the Debtor's estate; and

g.      for the avoidance of doubt, judgment on the Fifth Claim of the Complaint, to the extent of the Transfers and in the amount of $3,915,140.00, in favor of the Trustee and against Qiang Guo is entered forthwith.

4.      The Trustee is authorized to take all actions necessary or appropriate to effectuate this Order.

5.      This Order is effective immediately, and no stay pursuant to Bankruptcy Rule 7062 shall be effective, and the Court hereby waives any limitations set forth in Bankruptcy Rule 7062 on the Trustee's ability to enforce this judgment upon its entry.

6.      For the avoidance of doubt, the Trustee's claims under the First, Second, Third, and Fourth Claims (the "Cirrus Claims") of the Complaint against Cirrus Design Corporation ("Cirrus") shall remain pending, the Cirrus Claims shall not be impacted by the Court's entry of judgment against Qiang Guo, and all rights of the Trustee and Cirrus with respect to the Cirrus Claims are reserved.  The Trustee will not use this Order or any other order on the Motion, whether as law of the case or otherwise, against Cirrus or against the other Joint Briefing Defendants (as defined in the Memorandum of Law filed in support of the Motion).

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 20th day of November, 2024.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut