# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

```
---------------------------------------------------------------x
In re:                                                         :
                                                               :   Chapter 11
HO WAN KWOK, et al.,[1]                                        :
                                                               :   Case No. 22-50073 (JAM)
                    Debtors.                                   :
                                                               :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x   Re: ECF No. 4820
                                                               :
LUC A. DESPINS, CHAPTER 11                                     :
TRUSTEE,                                                       :
                                                               :
                    Plaintiff,                                 :
                                                               :
v.                                                             :   Adv. Proceeding No. 24-05225
                                                               :
                                                               :   Re: ECF No. 96
CIRRUS DESIGN CORPORATION and                                  :
QIANG GUO,                                                     :
                                                               :
                    Defendants.                                x
---------------------------------------------------------------
```

**ORDER, PURSUANT TO
BANKRUPTCY CODE SECTIONS 105 AND 363, CONN. GEN. STAT. § 52-356a, CIVIL
RULE 69, BANKRUPTCY RULES 2002, 6004(c), 7069, 9014, AND 9019, AND LOCAL
RULES 6004-1, 6004-2, AND 9019-1 AUTHORIZING AND APPROVING: (I)
SETTLEMENT WITH CIRRUS DESIGN CORPORATION; (II) SALE OF SF50
AIRCRAFT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Upon the motion [Main Case ECF No. 4820; Adv. ECF No. 96] (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Debtor</u>"), pursuant to sections 105, 363(b), and 363(f) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), section 52-356a of Connecticut General Statutes, Rule 69 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), Rules 2002, 6004(c), 7069, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 6004-1, 6004-2, and 9019-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "<u>Local Rules</u>"), (i) authorizing and approving: (I) the settlement of the Trustee's claims against Cirrus Design Corporation ("<u>Cirrus</u>") in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>"); (II) the Trustee's sale (the "<u>Sale</u>") of the SF50 aircraft, Serial Number 0309, Registration Number N3Q (collectively, the "<u>SF50 Aircraft</u>") to Cirrus; and (III) for related relief; and a hearing on the Motion having been held on December 2, 2025 (the "<u>Hearing</u>"); and this Court having reviewed and considered the Motion, and all objections thereto, and the arguments made by counsel and evidence adduced at the Hearing; and it appearing the terms and conditions of this Order[3] are in the best interests of the Debtor, the estate, creditors and other parties in interest; and after due deliberation thereon, and good cause appearing therefor:

---

[2] Capitalized terms used but not defined herein shall having the meanings set forth in the Motion.

[3] For the avoidance of doubt, references to this Order shall be deemed to include the attachments thereto.

2

**THE COURT HEREBY FINDS THAT**:[4]

### Jurisdiction and Final Order

A. This Court has jurisdiction to hear and determine the approval of the Sale under 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason to delay the implementation of this Order, and expressly directs entry of judgment as set forth herein. Cirrus, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the Sale authorized by this Order at any time after the entry of this Order and shall not be subject to the stay provided by Bankruptcy Rules 6004(h).

### Notice of Sale

C. Actual written notice of the Motion, the Hearing, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, has been afforded to all known interested persons or entities.

D. As evidenced by the certificates of service [Main Case ECF No. 4827; Adv. ECF No. 99] previously filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Hearing, the entry of this Order, the Sale, and the relevant objection deadlines have

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

been provided to all Notice Parties; (ii) such notice was, and is, good, sufficient and appropriate under the circumstances of this chapter 11 case, provided a fair and reasonable opportunity for parties-in-interest to object, and to be heard, with respect thereto, and was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules, and the orders of this Court; and (iii) no other or further notice of such matters is necessary or shall be required.

### Business Judgment and Commercial Reasonableness

E. The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and the proposed settlement and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtor, his estate, and its creditors. Such business reasons include, but are not limited to, the facts that: (i) the terms of the settlement between the Trustee and Cirrus (including the Settlement Amount) and the other terms provided in this Order constitute the highest or otherwise highest and best offer received for the SF50 Aircraft; (ii) the Sale on the terms set forth in this Order presents the best opportunity to maximize the value of the SF50 Aircraft; and (iii) unless the Sale is concluded expeditiously as provided for in this Order, potential creditor recoveries may be diminished. For these reasons, the Trustee has demonstrated that the terms of the Sale and the proposed settlement are commercially reasonable.

### Marketing Process

F. As demonstrated by the Motion, the testimony and other evidence proffered or adduced at the Hearing, and the representations of the Trustee and his counsel made on the record at the Hearing: (i) the Trustee conducted adequate investigation and due diligence with respect to the liquidation value of the SF50 Aircraft; (ii) the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any individual or entity to make a

competing offer to purchase the SF50 Aircraft; and (iii) the process conducted by the Trustee obtained the highest and best value for the SF50 Aircraft for the Trustee and the Debtor's estate.

**Fair Consideration; Highest or Best Value**

G. The consideration to be provided by Cirrus under this Order is fair and reasonable consideration for the SF50 Aircraft and constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia. Such consideration constitutes the highest and best offer for the SF50 Aircraft. No other person or entity or group of persons or entities has offered to purchase the SF50 Aircraft for an amount that would give equal or greater value to the Debtor's estate than the value provided by Cirrus pursuant to this Order.

**Good Faith**

H. The proposed settlement and Sale (including the terms of this Order) were negotiated, proposed, and entered into, and are being undertaken by the Trustee and Cirrus in good faith, without collusion, and from arm's-length bargaining positions. Likewise, the value that the Debtor's estate will receive on consummation of the Sale is the product of arms' length negotiations between the Trustee, Cirrus, and their respective representatives and advisors.

I. Cirrus is purchasing the SF50 Aircraft in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full rights, benefits, privileges, and protections of that provision and any other applicable or similar bankruptcy and non-bankruptcy law.

J.    Neither Cirrus nor the Trustee have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this Order or to the consummation of the Sale.

K.    Cirrus proceeded in good faith in all respects in connection with the Sale and this proceeding in that, among other things: (a) Cirrus's offer and the terms of the Sale have been publicly disclosed; (b) all payments to be made by Cirrus have been disclosed; and (c) Cirrus has not violated section 363(n) of the Bankruptcy Code by any action or inaction.

L.    Cirrus is not an insider or an affiliate (as that term is defined in sections 101(2) and 101(31) of the Bankruptcy Code) of the Debtor.

### Section 363(f) of Bankruptcy Code Is Satisfied

M.    The Trustee is authorized to sell the SF50 Aircraft free and clear of liens, claims, interests, and encumbrances against the Debtor or his estate, because one of more of the standards set forth in section 464(f)(1)-(5) of the Bankruptcy Code has been satisfied.

N.    Those holders of liens, claims, interests, or encumbrances who did not object (or who ultimately withdrew their objections, if any) to the Sale or the Motion have either consented to or are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. In addition, one or more of the other subsections of section 363(f) of the Bankruptcy Code apply and, therefore, holders of liens, claims, interests, or encumbrances in the SF50 Aircraft are adequately protected by having their liens, claims, interests, or encumbrances in the SF50 Aircraft attach solely to the proceeds of the Sale, subject to the Trustee's right to contest such liens, claims, interests, or encumbrances, in the same order of priority and with the same extent, validity, force, and effect that such holders had prior to the Sale.

O.  Cirrus would not have entered into the Sale and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor's estate and his creditors, (i) if the sale of the SF50 Aircraft was not free and clear of all liens, claims, interests, and encumbrances or (ii) if Cirrus would, or in the future could, be liable for any such liens, claims, interests, and encumbrances.  The total consideration to be provided under this Order reflects Cirrus's reliance on this Order to provide it with title to and possession of the SF50 Aircraft free and clear of all liens, claims, interests, and encumbrances pursuant to sections 105(a) and 363(f) of the Bankruptcy Code.

### **Validity of Transfer of Title**

P.  The transfer of title in and to the SF50 Aircraft by the Trustee to Cirrus will be a legal, valid, and effective transfer of title, and will vest Cirrus with any legal, equitable and beneficial right, title, and interest in and to the SF50 Aircraft free and clear of all liens, claims, interests, and encumbrances.  The consummation of the Sale is legal, valid, and properly authorized under Conn. Gen. Stat. sections 52-356a, *et seq*., as well all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections of the Bankruptcy Code have been complied with in respect of the Sale.  Subsequent to the Closing, the Debtor's estate will be relieved of all liability or other obligation of any kind with respect to claims arising from or related to Cirrus's post-Closing ownership of the SF50 Aircraft.

### **Waiver of Bankruptcy Rules 6004(h)**

Q.  The sale of the SF50 Aircraft must be approved and consummated promptly.  The Trustee and Cirrus intend to expeditiously close the Sale upon entry of this Order.  The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose

7

and justification for the immediate approval and consummation of the Sale as contemplated by this Order. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rule 6004(h) with regard to the transactions contemplated by this Order.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1. The Motion is GRANTED and approved, and any objections thereto that have not been otherwise withdrawn, waived, or settled are overruled.

2. Pursuant to Bankruptcy Rule 9019, the Trustee's settlement of the Cirrus Claims against Cirrus as provided by the terms of this Order is approved.

3. Pursuant to Conn. Gen. Stat. sections 52-356a, *et seq.*, Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), and sections 363(b) and 363(f) of the Bankruptcy Code, the Sale of the SF50 Aircraft to Cirrus pursuant to this Order free and clear of all liens, claims, encumbrances, and other interests is approved.

4. Within 10 business days of the entry of this Order, Cirrus shall: (a) pay to the Trustee by wire transfer $3,500,000.00 in immediately available funds (the "Settlement Amount"); and (b) execute and provide to the Trustee a release in the form appended hereto as **Exhibit A** (the "Cirrus Release").

5. Contemporaneously with the Trustee's receipt of the Settlement Amount and the Cirrus Release, the Trustee shall: (a) execute and provide to Cirrus a Bill of Sale with respect to the SF50 Aircraft in the form attached hereto as **Exhibit B** and provide Cirrus with other documents reasonably required to transfer title to the SF50 to Cirrus; (b) execute and provide to Cirrus a release in the form appended hereto as **Exhibit C** (the "Trustee Release" and, together with the Cirrus Release, collectively, the "Releases"); and (c) file in the Adversary Proceeding a stipulation of dismissal signed by the Trustee and Cirrus pursuant to Civil Rule 41(a)(1)(A)(ii),

made applicable pursuant to Bankruptcy Rule 7041, dismissing the Cirrus Claims against Cirrus only.[5] The Closing shall occur at Cirrus' facility in Knoxville, TN.

6. Pursuant to sections Conn. Gen. Stat. sections 52-356a, *et seq*., Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), and sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Trustee is authorized to transfer the SF50 Aircraft in accordance with the terms of this Order. The transfer of the SF50 Title by the Trustee to Cirrus in accordance with this Order shall: (a) be valid, legal, binding, and effective; (b) vest Cirrus with all right, title and interest in and to the SF50 Aircraft; and (c) be free and clear of all liens, claims, interests, and encumbrances against the SF50 Aircraft, in accordance with section 363(f) of the Bankruptcy Code.

7. Pursuant to section 363 of the Bankruptcy Code, this Order shall and does, as of the Closing, divest the Debtor and his estate of all right, title, and interest in and to the SF50 Aircraft.

8. Cirrus shall accept the SF50 Aircraft in "as is" condition and, in so doing, stipulates that the Trustee has given no warranty, either express or implied with respect to, and makes no representation as to the condition of, the SF50 Aircraft.

9. Cirrus shall be responsible for any sales and/or conveyance taxes in respect to the Sale of the SF50 Aircraft.

10. Pursuant to Conn. Gen. Stat. sections 52-356a, *et seq*., and Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), this Order, as of the Closing, divests Qiang Guo and Amazing Sky of all right, title, and interest in and to the SF50 Aircraft. For

---

[5] For the avoidance of doubt, dismissal of the Cirrus Claims against Cirrus shall not impair the Trustee's rights under the Qiang Guo Cirrus Judgment.

the avoidance of doubt, any right title, and interest held by Qiang Guo and/or Amazing Sky in the SF50 Aircraft shall be extinguished by this Order and shall not attach to the Sale proceeds.

11. The consideration provided by Cirrus for the SF50 Aircraft under this Order is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided or rejected, or costs or damages imposed or awarded against Cirrus, under section 363(n) or any other provision of the Bankruptcy Code.

12. The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale concerning the transfer of the SF50 Aircraft to Cirrus at a closing in accordance with the Motion and this Order, including, without limitation, payment of usual and customary closing costs; (b) perform, consummate, implement, and close the transaction pursuant to this Order together with all additional instruments and documents that may be reasonably necessary or desirable to implement this Order; and (c) perform the obligations contemplated by this Order, including all actions reasonably requested by Cirrus in regard thereto.

13. All liens, claims, interests, and/or encumbrances in, on, or against the SF50 Aircraft shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the SF50 Aircraft, subject to any claims and defenses the Trustee or the Debtor's estate may possess with respect thereto, *provided, however*, Qiang Guo and Amazing Sky shall <u>not</u> have any interest in the Sale proceeds notwithstanding their prior interests in the SF50 Aircraft. This Order shall be effective as a determination that on and as of the Closing, all liens, claims, interests, and/or encumbrances of any kind or nature whatsoever in, on, or against the SF50 Aircraft have been unconditionally released, discharged, and terminated. The provisions of this Order authorizing and approving the transfer of the SF50 Aircraft free and

clear of liens, claims, encumbrances, and other interests shall be self-executing, and neither the Trustee nor Cirrus shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order, *provided, however*, the Trustee and Cirrus shall be required to execute and exchange the Releases in connection with their settlement as provided by this Order.

14. Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect or interfere, or that would be inconsistent: (a) with the ability of the Trustee to sell and transfer the SF50 Aircraft to Cirrus; (b) with the ability of Cirrus to acquire, take possession of, use and operate the SF50 Aircraft in accordance with the terms of this Order; and (c) with the ability of the Trustee and Cirrus to perform their respective obligations hereunder; *provided, however*, that the foregoing restriction shall not impair the right of any party in interest with the requisite standing to appeal this Order in accordance with applicable law or opposing any appeal of this Order.

15. Cirrus is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code. The Sale contemplated by this Order is undertaken by Cirrus in good faith, as that term is used in section 363(b) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization is duly stayed pending such appeal prior to the Closing. For the avoidance of doubt, the pendency of an appeal of this Order, absent a stay of this Order pending appeal, shall not constitute a basis not to consummate the Sale.

16. The provisions of this Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered confirming or consummating any chapter 11 plan, or which may be entered converting this chapter 11 case from chapter 11 to chapter 7 of the

Bankruptcy Code or dismissing this chapter 11 case, and the terms and provisions of and the rights and interests granted pursuant to this Order shall continue in this chapter 11 case or any superseding cases and shall be specifically performable and enforceable against and binding upon the Trustee, the Debtor, his estate, all creditors, all holders of claim(s) (whether known or unknown) against the Debtor, all holders of liens, claims, interests, and/or encumbrances (whether known or unknown) against, in, or on all or any portion of the SF50 Aircraft, Cirrus and its respective successors and permitted assigns, and any other trustee or other fiduciary hereafter appointed or elected as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, including without limitation plan fiduciaries, plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in this chapter 11 case.

17. This Order is and shall be binding upon and govern the acts of all persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, records of liens, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the SF50 Aircraft. Each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the liens, claims, interests, and encumbrances against the SF50 Aircraft or to otherwise consummate the Sale contemplated by this Order.

18. The terms and provisions of this Order shall be binding in all respects upon, or shall inure to the benefit of, the Trustee, the Debtor's estate and its creditors, Cirrus and its affiliates,

successors, and assigns, and any affected third parties, including Qiang Guo and Amazing Sky and persons asserting liens, claims, interests, or encumbrances in, on, or against the SF50 Aircraft, notwithstanding any subsequent appointment of any other trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, his estates, his creditors or any such trustee, examiner, or receiver.

19. For the avoidance of doubt, no estate causes of action are being sold as part of the Sale.

20. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing, or risk its appeal will be foreclosed as moot.

21. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the Sale, including, without limitation, the transfer of the SF50 Aircraft to Cirrus and the occurrence of the Closing.

22. Upon the Closing, the Net Proceeds shall be credited against the Qiang Guo Cirrus Judgment. The Trustee shall file a statement disclosing the Expenses deducted from the Settlement Amount within fourteen (14) days of the Closing.

23. This Court shall retain jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Order and (b) adjudicate disputes related to this Order.

Dated at Bridgeport, Connecticut this 9th day of December, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

**EXHIBIT A TO PROPOSED ORDER**

**(Form of Cirrus Release)**

**RELEASE**

KNOW YE BY THESE PRESENTS:

That **Cirrus Design Corporation,** the **RELEASOR**, by and for itself and its parents, affiliates, and subsidiaries or anyone acting on its behalf, and for their successors and assigns, for and in consideration as described in the *Order, Pursuant to Bankruptcy Code Sections 105 and 363, Conn. Gen. Stat. § 52-356a, Civil Rule 69, Bankruptcy Rule 2002, 6004(c), 7069, 9014, and 9019, and Local Rules 6004-1, 6004-2, and 9019-1 Authorizing and Approving: (I) Settlement with Cirrus Design Corporation; (II) Sale of SF50 Aircraft Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "Order"), hereby releases, acquits, and forever discharges the **bankruptcy estate of Ho Wan Kwok [Bankr. D. Conn. case no. 22-50073], Luc A. Despins, in his capacity as Chapter 11 Trustee appointed in the Chapter 11 Case of Ho Wan Kwok (the "Trustee"),** and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, the **RELEASEES**, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action, or suits of any kind or nature related to (a) the claims asserted by the Trustee against Cirrus Design Corporation in *Despins v. Cirrus Design Corporation, et al.* [Bankr. D. Conn. Adv. Proc. No. 24-05225]; and/or (b) the SF50 Aircraft (as defined in the Order); *provided, however*, for the avoidance of doubt, this shall not release the Releasees of any obligations under the Order.

IN WITNESS WHEREOF, the said Releasor has signed this instrument this ____ day of _____ 2025.

**RELEASOR:**

**CIRRUS DESIGN CORPORATION**

By:_____
Name:
Title:

# **EXHIBIT B TO PROPOSED ORDER**

**(Form of Bill of Sale)**

OMB Control Number: 2120-0042
Expiration Date: 10/31/2025

## UNITED STATES OF AMERICA
U.S. DEPARTMENT OF TRANSPORTATION FEDERAL AVIATION ADMINISTRATION
### AIRCRAFT BILL OF SALE

FOR AND IN CONSIDERATION OF   $ _____   THE UNDERSIGNED OWNER(S) OF THE FULL LEGAL AND BENEFICIAL TITLE OF THE AIRCRAFT DESCRIBED AS FOLLOWS:

UNITED STATES REGISTRATION NUMBER   **N**

AIRCRAFT MANUFACTURER

AIRCRAFT MODEL

AIRCRAFT SERIAL NUMBER

DOES THIS _____ DAY OF _____ , _____ HEREBY SELL, GRANT, TRANSFER AND DELIVER ALL RIGHTS, TITLE, AND INTERESTS IN AND TO SUCH AIRCRAFT UNTO:

Do Not Write In This Block
FOR FAA USE ONLY

**PURCHASER**

NAME AND ADDRESS
(IF INDIVIDUAL(S), GIVE LAST NAME, FIRST NAME, AND MIDDLE INITIAL.)

Number and Street _____   Apt/Suite Number _____

City _____

State (or Foreign Province, State, Country) _____   Zip Code _____

Telephone Number (____) _____   Email Address _____

DEALER CERTIFICATE NUMBER

AND TO _____ EXECUTORS, ADMINISTRATORS, AND ASSIGNS TO HAVE AND TO HOLD SINGULARLY THE SAID AIRCRAFT FOREVER, AND WARRANTS THE TITLE THEREOF:

IN TESTIMONY WHEREOF               HAVE SET               HAND AND SEAL THIS               DAY OF

**SELLER**

| NAME(S) OF SELLER (TYPED OR PRINTED) | SIGNATURE(S) (IN INK/DIGITAL) (IF EXECUTED FOR CO-OWNERSHIP, ALL MUST SIGN.) | TITLE (TYPED OR PRINTED) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**ACKNOWLEDGMENT** (NOT REQUIRED FOR PURPOSES OF FAA RECORDING: HOWEVER, MAY BE REQUIRED BY LOCAL LAW FOR VALIDITY OF THE INSTRUMENT.)

**ORIGINAL:  TO FAA**:

AC Form 8050-2 (12/24) Supersedes Previous Edition          1

**EXHIBIT C TO PROPOSED ORDER**

**(Form of Trustee Release)**

**RELEASE**

KNOW YE BY THESE PRESENTS:

That **Luc A. Despins, in his capacity as Chapter 11 Trustee appointed in the Chapter 11 Case of Ho Wan Kwok**, the **RELEASOR**, by and for himself in such capacity and his successors and assigns, for and in consideration as described in the *Order, Pursuant to Bankruptcy Code Sections 105 and 363, Conn. Gen. Stat. § 52-356a, Civil Rule 69, Bankruptcy Rule 2002, 6004(c), 7069, 9014, and 9019, and Local Rules 6004-1, 6004-2, and 9019-1 Authorizing and Approving: (I) Settlement with Cirrus Design Corporation; (II) Sale of SF50 Aircraft Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "Order"), hereby releases, acquits, and forever discharges **Cirrus Design Corporation**, and all of its attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, the **RELEASEES**, from (a) the claims asserted by the Releasor against Cirrus Design Corporation in *Despins v. Cirrus Design Corporation, et al.* [Bankr. D. Conn. Adv. Proc. No. 24-05225]; and (b) any and all claims, counterclaims, defenses, demands, damages, actions, causes of action, or suits of any kind or nature related to the SF50 Aircraft (as defined in the Order); *provided, however*, for the avoidance of doubt, this shall not release the Releasees of any obligations under the Order.

IN WITNESS WHEREOF, the said Releasor has signed this instrument this _____ day of _____ 2025.

**RELEASOR:**

_____
**Luc A. Despins, Chapter 11 Trustee**